RUSSELL FALKENBERG, District Attorney, Chippewa County
You request my opinion as to how many duplicate identification cards a register of deeds is required to issue to the same person under the provisions of sec. 66.057 (2) (c), Stats.
Section 66.057 (2) (c), Stats., makes provision for a uniform identification card to be used to prove age for the purchase of liquor and beer in the state of Wisconsin. Section 66.057 (2) (c), Stats., which authorizes the issuance of duplicate identification cards in the event an original card has been lost or stolen, provides as follows:
"Duplicates. Duplicate identification cards may be issued in the same manner as are original identification cards. The applicant for a duplicate card shall sign a sworn statement that his original card has been lost or stolen and that, if the original card is recovered, he will return it to the issuing office. A duplicate card shall be clearly stamped `duplicate' by the issuing officer, and the issuing officer shall notify the county sheriff of its issuance."
Your register of deeds has apparently received a number of requests for duplicate identification cards from the same individual, each accompanied by an affidavit of loss as set forth in the above-quoted statute. You suspect, but have no proof, that the cards are being given to friends and are not actually replacements for lost or stolen cards. *Page 88 
Section 66.057 (2) (c), Stats., of the present statutes, was enacted as a part of a new uniform ID card law by ch. 275, Laws of 1969. The need for a new identification card law had become obvious since the lack of standards and controls under the identification card law previously in effect had resulted in extensive forgery and improper use of identification cards by those not authorized to obtain a card in the first instance. Under the prior law, therefore, it apparently was not difficult to obtain a card through a friend since the statute then in existence made no mention of any limitation on the number of cards which could be issued to the same person, and there were instances, in fact, where individuals did make application for and receive numerous replacement cards. By contrast, sec. 66.057 (2) (c), Stats., speaks directly to the matter of issuing duplicate identification cards. In my opinion, if its provisions can be said to be ambiguous in reference to the number of duplicate identification cards which may be issued under its terms, it is most proper to construe the statute in such a manner as to take into consideration the particular evils at which the legislation was aimed and the mischief which the legislature sought to avoid in enacting the statute. 50 Am. Jur., Statutes, sec 305, page 291.
Section 66.057 (2) (c), Stats., requires that the applicant for a duplicate card sign a sworn statement that his "original card" has been lost or stolen before he will be issued a "duplicate card." The applicant's sworn statement further indicates that, if the "original card" is recovered, it will be returned to the issuing office. In addition, the "duplicate card" is clearly stamped "duplicate," thus distinguishing it in physical appearance from the "original card." Finally, I note that different fees are charged for a duplicate card as opposed to the original card. Sec. 66.057 (2) (d), Stats.
From the foregoing, there can be little doubt that the legislature intended to make a distinction between the "original" identification card and the "duplicate" identification card. I also conclude from the terminology used in the statute that the legislature not only intended that there be but one original identification card but also intended that there be but one duplicate identification card. After the original card has been lost or stolen, and the one duplicate has been issued to replace the original card, the sworn statement described in the statute (which *Page 89 
refers only to the return of the "original" card) would be meaningless for use in reference to the issuance of any further duplicate cards.
I would also point out that notice to the sheriff of the issuance of a "duplicate" only has real significance if he is put on notice that a person using the lost or stolen "original" of such card would be doing so in violation of the statute, since the issuance of the duplicate is intended to void the original. Under such circumstances, the sheriff would be aware that no one other than the applicant would have a right to possess the card, and the owner of the lost or stolen card would have a continuing legal obligation to return the original to the issuing office. On the other hand, if any number of "duplicate" cards could be issued, no meaningful control over the issuance of identification cards would exist, and there would be little purpose in notifying the sheriff of the issuance of yet another duplicate identification card for a particular individual.
In conclusion, it is my opinion that sec. 66.057 (2) (c), Stats., does have the effect of limiting the number of duplicate cards which may be issued to a person entitled to an original identification card. Only one such "duplicate" card may be issued to replace an original identification card.
RWW:JCM